George M. Wallace -- Cal. Bar No. 101472
GEORGE M. WALLACE, ATTORNEY AT LAW
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
gwallace@wbslaw.com
(626) 844-6777; Fax (626) 795-0353

Joel S. Farkas, Esq. (S.B. # 244032)
LAW OFFICE OF JOEL FARKAS
5404 Whitsett Avenue #46
Valley Village, California 91607
jsf@licitlaw.com
Tel: (310) 621-6654
Fax: (818) 495-2513

Attorneys for Appellants, BRUCE BOYER;
DAVID WAYNE GRIGGS; KIMBERLY
COLLEEN GRIGGS; and JONATHAN BOYER

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE BOYER, an individual; DAVID WAYNE GRIGGS, an individual; KIMBERLY COLLEEN GRIGGS, an individual; and JONATHAN BOYER, an individual, | ) Docket No. 24-5393 ) ) ) USDC Case No. ) 2:23-cv-06828-TJH ) |
| Plaintiffs/Appellants, | ) ) ) |
| vs. | ) ) |
| CITY OF SANTA BARBARA; SANTA BARBARA POLICE DEPARTMENT, | ) ) ) ) |
| Defendants/Appellees. | ) ) ) |

## APPELLANTS' OPENING BRIEF

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE TERRY J. HATTER, JR., SENIOR JUDGE
PRESIDING

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE BOYER, an individual; DAVID WAYNE GRIGGS, an individual; KIMBERLY COLLEEN GRIGGS, an individual; and JONATHAN BOYER, an individual, | ) Docket No. 24-5393 <br> ) <br> ) USDC Case No. <br> ) 2:23-cv-06828-TJH <br> ) |
| Plaintiffs/Appellants, | ) |
| vs. | ) |
| CITY OF SANTA BARBARA; SANTA BARBARA POLICE DEPARTMENT, | ) <br> ) <br> ) |
| Defendants/Appellees. | ) |

## CORPORATE DISCLOSURE STATEMENT

## PURSUANT TO FRAP 26.1

There are no corporate parties to the present appeal.

DATED:
November 14, 2024

GEORGE M. WALLACE,
ATTORNEY AT LAW

*/s/ George M. Wallace*
By: GEORGE M. WALLACE
Attorneys for Appellants

-1-

# TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT PURSUANT**

**TO FRAP 26.1** .................................................................. **1**

**TABLE OF CONTENTS** ................................................ **2**

**TABLE OF AUTHORITIES** ........................................ **4**

**APPELLANT'S OPENING BRIEF** ............................... **6**

*Jurisdictional Statement* ............................................ **6**

*Statement of Issues Presented* ................................... **9**

*Statement of the Case* ............................................... **10**

    A.   *Procedural History* ............................................ *10*

    B.   *Summary of the First Amended Complaint* ......... *12*

    C.   *Issues Presented in Support and Opposition to the Motion*

       *to Dismiss* ........................................................ *16*

    D.   *The District Court's Statement of Reasons for Its Order* .... *17*

*Legal Argument* ......................................................... **19**

I.   **The District Court's Order Dismissed the Appellants' Case**

    **in Its Entirety, and Did Not Leave Open Any Opportunity to**

    **Revive Appellants' Claims by Amendment; the Order is**

    **Final and Appealable.** ........................................... **19**

*II.*    *The District Court Abused Its Discretion by Granting the City of Santa Barbara's Motion to Dismiss Without Permitting the Appellants a Furtherl Opportunity to Amend Their Complaint*........................................................................ *24*

*Conclusion*......................................................................... *29*

**CERTIFICATE OF COMPLIANCE PURSUANT TO FRAP 32(A)(7) AND CIRCUIT RULE 32-1**............................... **30**

# TABLE OF AUTHORITIES

**Cases**

*Brown v. Stored Value Cards, Inc.*, 953 F.3d 567 (9th Cir. 2020)..... 26

*California Tahoe Reg'l Plan. Agency v. N.S.C., Inc.*,

   504 F. Supp. 769, 776 (D. Nev. 1980)............................................ 21

*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048

   (9th Cir. 2003).......................................................................... 26, 28

*Joseph v. Am. Gen. Life Ins. Co.*, 495 F. Supp. 3d 953

   (S.D. Cal. 2020), <u>aff'd,</u> No. 20-56213, 2021 WL 3754613

   (9th Cir. Aug. 25, 2021)........................................................... 20, 25

*Monell v. Dept of Soc. Serv. of City of New York*, 436 U.S. 658,

   98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)........................................... 16

*Montes v. United States*, 37 F.3d 1347 (9th Cir. 1994)..................... 23

*Walker v. Beard*, 789 F.3d 1125 (9th Cir. 2015)................................. 8

**Statutes**

28 U.S.C. §1291................................................................................ 6

42 U.S.C §1983.............................................................................. 16

**Ordinances**

Fed.R.Civ.P. 12(b)(6) ...............................................................passim

Fed.R.Civ.P. 15.............................................................. 19, 24, 25

Fed.R.Civ.P. 41 .................................................................. 21

FRAP 4(a) ......................................................................... 7

## APPELLANT'S OPENING BRIEF

Appellants BRUCE BOYER, DAVID WAYNE GRIGGS, KIMBERLY COLLEEN GRIGGS, and JONATHAN BOYER, submit their opening brief on appeal:

### *Jurisdictional Statement*

This appeal has been taken from a final order of the United States District Court for the Central District of California, dismissing the appellants' case, in its entirety, on a motion by respondents under Fed.R.Civ.P. 12(b)(6). District Court Docket ["Docket"] #32; ER-4–10. The District Court judgment is against the claims of plaintiffs Bruce Boyer, David Wayne Griggs, Kimberly Coleen Griggs, and Jonathan Boyer, and in favor of the defendants City of Santa Barbara and the Santa Barbara Police Department. The District Court's order concludes, "It is Ordered that this case be, and hereby is, Dismissed without prejudice." *Id.*, ER-10. The order concluded all proceedings in the case, and is appealable as a final decision of the District Court, pursuant to 28 U.S.C. §1291. The District Court docket entry concerning the order specifies "Case Terminated." ER-122.

-6-

The District Court's order entered its order on August 2, 2024. The Notice of Appeal was filed 28 days later, on August 30, 2024. Docket #35; ER-116. The appellants' Notice of Appeal was timely pursuant to FRAP 4(a)(1)(A).

On September 10, 2024, following the opening of the appeal case, this Court issued an order concerning the finality and appealability of the District Court's order, as follows:

> The district court's August 1, 2024 order dismissed appellants' claims 'without prejudice,' but it did not specify whether the dismissal was with leave to amend. In addition to all other issues the parties wish to raise in their briefs, the parties must therefore address the basis for this court's jurisdiction over this appeal.

Ninth Circuit Docket #4. Both the appellants and the appellees addressed the issue of potential amendment of the appellants' First Amended Complaint in their respective written arguments for and against appellees' motion to dismiss. The district court's order is silent concerning any opportunity to amend the pleading, and the terms and circumstances of that order are such that the court's silence plainly indicates that the district court intended to deny any leave to amend.

-7-

The appellants' principal contention on this appeal is that the district court abused its discretion in granting the motion to dismiss *without* providing appellants a further opportunity to amend the complaint, and that the dismissal must be reversed to allow the appellants that opportunity. This issue is addressed further in Section I of the appellants' legal argument, *infra*, at pp. 19-23.

On appeal, an order granting a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is reviewed de novo, and a decision to deny leave to amend a complaint is reviewed for abuse of discretion:

> We review *de novo* a district court's dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Stone v. Travelers Corp.,* 58 F.3d 434, 436–37 (9th Cir.1995). We review a district court's denial of leave to amend for abuse of discretion. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc).

*Walker v. Beard*, 789 F.3d 1125, 1131 (9th Cir. 2015).

### *Statement of Issues Presented*

1.    In granting the appellees' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), did the district court abuse its discretion by not granting the appellants' request for leave to amend their case against the defendant City of Santa Barbara?

The appellants seek relief on appeal only as to the City of Santa Barbara, and not as to the Santa Barbara Police Department or the Johns Hopkins Center for Gun Violence Solutions, as successor in interest of The Coalition Against Gun Violence. As to the City, only, appellants request that the dismissal should be reversed, and that this case should be remanded to permit the filing of a Second Amended Complaint against that defendant.

## <u>*Statement of the Case*</u>

### A. *Procedural History*

The Complaint in this case was filed in the United States District Court for the Central District of California on August 18, 2023. Docket #35; ER-106. The Complaint was framed to present claims on behalf of the four individual plaintiffs for damages for violations of their civil rights under the First and Fourteenth Amendments of the U.S. Constitution under color of state law, pursuant to 42 U.S.C. §1983. The defendants named in the Complaint are the City of Santa Barbara, California; the Santa Barbara Police Department; and Johns Hopkins Center for Gun Violence Solutions, as successor in interest of The Coalition Against Gun Violence. All of the plaintiffs' claims arose from events occurring at a "gun buyback" event conducted by the defendants at the Earl Warren Showgrounds in Santa Barbara, California, on August 21, 2021.

On January 22, 2024, defendants City of Santa Barbara and the Santa Barbara Police Department filed a Motion to Dismiss pursuant to

Fed.R.Civ.P. 12(b)(6). Docket #20; ER-76.[1] Rather than filing opposition to the Motion to Dismiss, the plaintiffs filed a First Amended Complaint on February 16, 2024. Docket #24; ER-67. As with the original complaint, the First Amended Complaint alleged claims for damages under 42 U.S.C. §1983, arising from the August 21, 2021, gun buyback event. In light of the filing of the amended pleading, the district court declared the pending motion to dismiss moot by a chambers order on March 7, 2024. Docket #28; see ER-122.

The defendants filed a new motion to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) on March 1, 2024. Docket #26; ER-37. The plaintiffs filed opposition to that motion on March 15, 2024. Docket #30; ER-16. The defendants filed a reply on March 25, 2024. Docket #31; ER-11. The district court, after taking the matter under submission without hearing further argument, issued its order on August 1, 2024, directing that "this case be, and hereby is, Dismissed without prejudice." Docket #32; ER-4.

---

[1]     Defendant Johns Hopkins Center for Gun Violence Solutions was not served with summons and did not enter an appearance before the district court prior to the dismissal of the case, and is therefore not a participant in this appeal.

-11-

B.    *Summary of the First Amended Complaint*

For purposes of the defendants' Motion to Dismiss, the facts alleged in the First Amended Complaint were accepted as true. The principal allegations in the First Amended Complaint were these:

The plaintiffs, Bruce Boyer, David Wayne Griggs, Kimberly Colleen Griggs, and Jonathan Boyer, are all individuals residing in California in either Los Angeles County or Ventura County. First Amended Complaint ["FAC"], ¶¶2-5; ER-66. Defendant City of Santa Barbara ["the City"] is a municipality chartered and existing under the laws of the State of California, and defendant Santa Barbara Police Department ["SBPD"] is an agency of the City. FAC, ¶¶6, 7; ER-67. The defendant named as Johns Hopkins Center for Gun Violence Solutions was formerly known, at the time of the events underlying the First Amended Complaint, as The Coalition Against Gun Violence [referred to as "CAGV"]; it is a private advocacy organization "whose purpose is to foster the restriction of gun ownership, and advocate for the total ban of certain types of firearms." FAC, ¶¶8, 11; ER-67–68.

On August 21, 2021, the City, SBPD, and CAGV, jointly conducted a "gun buyback" event at the Earl Warren Showgrounds in Santa Barbara, California. FAC, ¶12; ER-69. The City and SBPD

-12-

advertised and promoted the event with CAGV, thereby promoting providing an official imprimatur to the policy goals of CAGV with regard to gun controls and restrictions. FAC, ¶13; ER-69. The advertisements for the event described the event as a "gun buyback" without specifying any particular types of "guns." encompassed. FAC, ¶14; ER-69.

Plaintiffs are members of an organization known as "Sons of Liberty LA," which advocates for firearms rights and broad protections pursuant to the Second Amendment; in their view, the buyback event was an objectionable conflation of government actors endorsing private political advocacy without permitting countervailing views. FAC, ¶15; ER-69–70. The plaintiffs therefore determined to attend the event and, without interfering with the event itself, to engage in expressive conduct of their own to express their opposition to the organizers' policy positions, and to critique the City's involvement in proceedings. FAC, ¶16; ER-70.

As organized by the defendants, attendees were to participate in the event by placing their guns in the trunks of their vehicles, forming a line with their vehicles, and, upon arriving at the exchange area, opening the trunks of their vehicles. FAC, ¶17; ER-70. An individual,

believed to be a police officer, would then remove the gun or guns from the trunk and take them to an inspection area. *Id.* After inspection, the officer would return to the vehicle and give the driver a $100 gift card for each gun or piece of gun surrendered. *Id*. The plaintiffs attended the buyback event, all travelling in a single automobile. In the trunk of the vehicle, plaintiffs brought a box containing several toy guns, which they intended to proffer "as a means of protesting the event while still attempting to participate in it." FAC, ¶18; ER-71. Plaintiffs believed that toy guns, because they were not excluded from the category of "guns" that the defendants were willing to collect, and to provide compensation for their surrender, should be willingly accepted. *Id*. Plaintiffs took their place in the vehicle line with other waiting participants. Plaintiff Bruce Boyer informed the SBPD officer, when it was plaintiffs' turn, that the items plaintiffs had brought were in a box in the trunk, and opened the trunk. FAC, ¶20; ER-71. The officer took the box, but after examination of its contents he returned to inform plaintiffs that the items were not acceptable, and no gift cards would be provided. FAC, ¶21; ER-71–72. Plaintiff Bruce Boyer asked if he could speak to the person in charge, was told to park the vehicle at a spot out of the exchange line, then permitted to talk to a CAGV representative

-14-

in the presence of another officer. *Id*. Plaintiff Boyer informed them that he and the other plaintiffs were attending to protest the event and the way it was being run, that toy guns were clearly "guns," and were not excluded from the exchange as it had been publicized. FAC, ¶22; ER-72. At that point, the officer who had brought plaintiff Boyer from the car where the other plaintiffs were waiting informed Boyer that all of the plaintiffs must leave immediately, or face arrest. FAC, ¶24; ER-72–73. Plaintiffs left the event in the face of that threat; they were not allowed to remain, peacefully and without interfering with the event, their toy guns were not returned to them, and they received either an opportunity to express their views nor compensation for their property. FAC, ¶¶26, 27; ER-73.

Based upon these facts, and upon additional facts that could be supplied if the district court permitted a further amendment of the complaint, plaintiffs seek damages for the defendants' interference with plaintiffs' speech rights and right to assemble, for the deprivation of the opportunity to remain at the event and continue their peaceful protest, and for the taking of their property without compensation. FAC, ¶¶29-33; ER-74.

C. *Issues Presented in Support and Opposition to the Motion to Dismiss*

In support of their Motion to Dismiss the case based on the First Amended Complaint, the defendants made the following primary arguments: (1) that the plaintiffs had not alleged facts constituting a claim pursuant to 42 U.S.C §1983, and particularly that plaintiffs had not satisfied the showing required under *Monell v. Dept of Soc. Serv. of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ["*Monell*"] (ER-44–45); (2) that the activity plaintiffs were engaged in at the gun buyback event did not constitute "speech" within the meaning of the First Amendment, or that plaintiffs' constitutional speech rights were not violated by the conduct alleged (ER-45-49); and (3) that the Santa Barbara Police Department was not a proper defendant in the case separate from the defendant City (ER-50). In their opposition and response to the motion, the plaintiffs argued that they had adequately described the "speech" aspects of their attendance at the buyback event (ER-18–22); and that their claims satisfied the requirements of *Monell*, or could be amended to do so (ER-22–23). All parties briefed their positions concerning the potential for amendment of the complaint if the motion to dismiss was granted. The defendant

-16-

City urged that amendment was not possible, and that no leave to amend should be given because the pleading had already been amended once while the initial motion to dismiss was pending (ER-46). Plaintiffs provided a declaration from Bruce Boyer describing the circumstances of the buyback in further detail, and including an article in which a CAGV spokesman indicated that taking "toy" guns would itself have been appropriate to advance public safety (ER-27–28; ER-29-36).

> D.    *The District Court's Statement of Reasons for Its Order*

The district court dismissal order did not strictly follow the arguments presented by either side in their papers. After discussing the standards applicable to a motion under Fed.R.Civ.P. 12(b)(6), and ruling on the defendants' request to take judicial notice concerning the ownership of the Earl Warren Show grounds, the court acted *sua sponte* to dismiss all "DOE" defendants (ER-7–8), and granted the request to dismiss the Santa Barbara Police Department on the ground that it was a "duplicative" party (ER-8). Although defendant CAGV had not entered an appearance or filed a motion, the district court dismissed that defendant on the ground that there was an insufficient nexus between

-17-

"[CAGV's] unconstitutional acts and the government." ER-9. The court then ordered dismissal of the claims against the defendant City based upon *Monell*: "Here, the FAC did not identify any specific City policy, practice, or custom that led to the alleged violations of Plaintiffs' constitutional rights. Accordingly, the § 1983 claims against the City must be dismissed without prejudice." ER-9–10. Although the issue was not raised by the defendants, the district court dismissed the claims of the individual plaintiffs other than Bruce Boyer, on the ground that it was not shown that the other plaintiffs had any ownership or other pecuniary interest in the toy guns that were proffered. ER-8. The court's order did not address either side's argument for or against granting leave to amend.

*Legal Argument*

**I.     The District Court's Order Dismissed the Appellants' Case in Its Entirety, and Did Not Leave Open Any Opportunity to Revive Appellants' Claims by Amendment; the Order is Final and Appealable.**

While the district court's order specifies that the dismissal is "without prejudice," it is silent concerning any opportunity for the plaintiffs to further amend their complaint. The verb form of "amend" does not appear anywhere in the order, and the court does not reference either side's position concerning "leave to amend."[2]

Fed.R.Civ.P. 15(a)(1) permits a single amendment of a pleading as a "matter of course." Fed.R.Civ.P. 15(b) makes explicit that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, the defendants did not consent to any amendment, nor did the district court expressly grant "leave" in its order. That the court did not expressly and affirmatively

---

[2]     The order includes one use of "Amended" in the title of plaintiffs' pleading, and several references to constitutional "Amendments," but no reference at all to revising or amending a pleading.

-19-

*give* "leave" or permission to the plaintiffs to file an additional pleading is strong evidence that leave was *denied*. This is especially so in light of the docket entry accompanying the dismissal order, which states unequivocally "Case Terminated." ER-122.

The district court's order of dismissal is stated to be "without prejudice," which is a different consideration from whether or not leave to amend has been granted. Whether a dismissal is "with" or "without prejudice" does not affect the finality of the order itself. Rather, it goes to whether the dismissal is or is not a decision *on the merits* of the case, for purposes of res judicata or the operations of the statute of limitations. "Dismissing a case with prejudice pursuant to FRCP 12(b)(6) is a final judgement on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ('The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a "judgment on the merits." '); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 955–56 (9th Cir. 2002) (citation omitted)." *Joseph v. Am. Gen. Life Ins. Co.*, 495 F. Supp. 3d 953, 961 (S.D. Cal. 2020), aff'd, No. 20-56213, 2021 WL 3754613 (9th Cir. Aug. 25, 2021) Unless it is stated to be "without prejudice," a dismissal for failure to state a claim under Rule 12(b)(6) is a decision on the merits that

precludes refiling of the same case. See Fed.R.Civ.P. 41(b): "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19– operates as an adjudication on the merits." A dismissal "without prejudice" ends the current case, but does not prevent reasserting the same claims in another action, provided the statute of limitations has not expired.[3]

The record in this case makes plain that the district court intended to fully and finally end *this case* with no further proceedings, but not by means of a decision on the merits. This order of dismissal is as final as it must be to become appealable.

It is well established that the finality requirement must be given a practical rather than a technical construction. *United States v. Lee,* 786 F.2d 951, 956 (9th

---

[3]     "The general rule is that when there has been a dismissal without prejudice, the statute of limitations is deemed not to have been tolled or suspended during the period in which the action was pending. *Moore v. St. Louis Music Supply Co., Inc*., 539 F.2d 1191 (8th Cir. 1976)." *California Tahoe Reg'l Plan. Agency v. N.S.C., Inc.*, 504 F. Supp. 769, 776 (D. Nev. 1980). Here, because the underlying events took place in August, 2021, the statute of limitation had expired by the time the district court ordered dismissal in August, 2024. Amending their complaint is therefore the only way in which the appellants can preserve or pursue those claims.

Cir.1986) (citing *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964)). In determining whether the district court's ruling was a final, appealable order, we focus on what effect the court intended it to have, rather than the label placed upon it. *See Zucker v. Maxicare Health Plans. Inc.,* 14 F.3d 477, 483 (9th Cir.1994) ('This court construes judgments with a view to "give effect to the intention of the court...." '); *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 746 (9th Cir.1993) (holding that where grounds for dismissal ended the plaintiff's litigation on the merits, the dismissal was final and appealable); *Lee,* 786 F.2d at 955 (holding that the trial judge's characterization will not control the classification of the action, where the decision effectively terminates the litigation and appeal is the only avenue of review).

To determine the district court's intent, this Court has traditionally drawn a distinction between the dismissal of the complaint and the dismissal of the underlying action. Dismissal of a complaint alone is ordinarily not

appealable unless the circumstances clearly indicate that the court determined that the complaint could not be saved by amendment. *Scott v. Eversole Mortuary,* 522 F.2d 1110, 1112 (9th Cir.1975). Dismissal of an action, on the other hand, is final and appealable. *Hoohuli v. Ariyoshi,* 741 F.2d 1169, 1171 n. 1 (9th Cir.1984) ("If it appears that the district court intended the dismissal to dispose of the action, it may be considered final and appealable.").

*Montes v. United States*, 37 F.3d 1347, 1350 (9th Cir. 1994). The district court's order does not state that "the complaint" is dismissed without prejudice, or with leave to amend; rather it states that "this case" is dismissed. It is plain that the district court meant to "dispose of the action" and to conclude all proceedings before it. The dismissal can and should be deemed final and appealable.

**II.** **The District Court Abused Its Discretion by Granting the City of Santa Barbara's Motion to Dismiss Without Permitting the Appellants' a Final Opportunity to Amend Their Complaint**

The plaintiffs sought an additional opportunity to amend their complaint, and the district court declined that request sub silentio. The district court order does not include any reference to the arguments of the parties in favor of, or against, granting an additional opportunity to amend the complaint. It is not clear that the district court considered the issue at all. In any case, there is no discussion, and no evidence that the district court exercised its discretion in this regard by considering any of the recognized factors that are to be balanced before granting or denying leave to amend.

The general policy under the Federal Rules of Civil Procedure is to favor granting claimants as full an opportunity as reasonably possible to state their strongest case on the facts and the merits. Fed.R.Civ.P. 15(a)(2), immediately after stating that most amendments require the court's consent, sets out the prevailing policy:

In all other cases, a party may amend its pleading only with the opposing party's written consent or the

court's leave. **The court should freely give leave when justice so requires.**"

Fed.R.Civ.P. 15(a)(2), emphasis added

"When a court grants a motion to dismiss pursuant to FRCP 12(b)(6), it has discretion to allow a leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2) ('The court should freely give leave when justice so requires.'). 'Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment.' *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)." *Joseph v. Am. Gen. Life Ins. Co.*, 495 F. Supp. 3d 953, 963 (S.D. Cal. 2020), aff'd, No. 20-56213, 2021 WL 3754613 (9th Cir. Aug. 25, 2021)

{T[he Federal Rules call for liberal amendment of pleadings before trial. Fed. R. Civ. P. 15(a)(2) ('The court should freely give leave [to amend] when justice so requires.'). And a district court's denial of leave to amend without explanation is subject to reversal: 'Such a judgment is "not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of

-25-

the Federal Rules." ' *Eminence Capital, LLC*, 316 F.3d at

1052 (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227).

*Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574–75 (9th Cir.

2020). Opportunities to amend are strongly favored. "In *Foman v.

Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme

Court offered the following factors a district court should consider in

deciding whether to grant leave to amend: [¶] 'In the absence of any

apparent or declared reason—such as **undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to

the opposing party by virtue of allowance of the amendment,

futility of amendment, etc.**—the leave sought should, as the rules

require, be "freely given.' *Id.* at 182, 83 S.Ct. 227. *See also Allen v. City

of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990)(citing *Foman*

factors, as well as 'previous amendment'); *Hurn v. Ret. Fund Trust of

the Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254

(9th Cir.1981)." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048,

1051–52 (9th Cir. 2003), emphasis added. In this case, in requesting

that plaintiffs be denied leave to amend, the defendant City did not

address any of the factors cutting against further leave. In particular, the

defendant City did not point to any undue prejudice that would arise from providing the plaintiffs at least one additional opportunity.

Prejudice is the 'touchstone of the inquiry under rule 15(a).' *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 368 (5th Cir.2001); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973)(stating that 'the crucial factor is the resulting prejudice to the opposing party'); *cf. DCD Programs,* 833 F.2d at 186–87 (noting that party opposing amendment 'bears the burden of showing prejudice'). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. *See Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir.1997). A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is 'not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.' *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1292–93 (9th Cir.1983)(noting

-27-

'where the record does not clearly dictate the district

court's denial, we have been unwilling to affirm absent

written findings'); *Rolf v. City of San Antonio,* 77 F.3d

823, 828–29 (5th Cir.1996); *United Steelworkers of Am.,*

*AFL–CIO v. Mesker Bros. Indus., Inc.,* 457 F.2d 91, 94

(8th Cir.1972).

*Eminence Cap., LLC v. Aspeon, Inc.*, supra, 316 F.3d at p. 1052,

emphasis in original.

The district court in this case provided no analysis of the factors

in favor and in opposition to granting leave to amend. In particular, the

defendant City never articulated any prejudice that would flow from

another iteration of the plaintiffs' complaint. The particular issues that

the district court identified in its order–the ownership interest of the

plaintiffs other than Bruce Boyer in the toy guns, and the existence of

an official policy under *Monell*–are the sort of factual questions that are

readily curable, if only plaintiffs were given the opportunity.

Plaintiffs in this case amended their complaint once, *without*

input from the district court. After the court weighed in with its

assessment of the factual deficiencies, all of which were potentially

curable, it should have exercised lenity and liberality in allowing at

-28-

least on further, informed opportunity to address those issues by amendment. The district court did not rule directly on the issue of amendment at all, suggesting an omission of discretion and an absence of analysis, rather than an informed and affirmative exercise of discretion.

### *Conclusion*

For the foregoing reasons, plaintiffs and appellants request that the district court's order of dismissal, as to defendant and appellee City of Santa Barbara, should be reversed, and that the plaintiff's claims against that defendant should be remanded to the district court, with instructions to permit plaintiffs an opportunity to further amend their complaint against the City of Santa Barbara.

DATED:
November 14, 2024

Respectfully submitted,

GEORGE M. WALLACE,
ATTORNEY AT LAW

*/s/ George M. Wallace*
By: GEORGE M. WALLACE
Attorneys for Appellants

-29-

# CERTIFICATE OF COMPLIANCE

## PURSUANT TO FRAP 32(A)(7) AND CIRCUIT RULE 32-1

Docket No. 24-5393

I certify that:

The foregoing Brief is proportionately spaced, has a typeface of 14 points or more and contains 5,116 words.

DATED:
November 14, 2024

GEORGE M. WALLACE,
ATTORNEY AT LAW

*/s/ George M. Wallace*
By: GEORGE M. WALLACE
Attorneys for Appellants

-30-