U.S. Court of Appeals No. 24-5393

IN THE
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————————————————

BRUCE BOYER, an individual; DAVID WAYNE GRIGGS, an
individual; KIMBERLY COLLEEN GRIGGS, an individual; and
JONATHAN BOYER, an individual,

Plaintiffs-Appellants,

vs.

CITY OF SANTA BARBARA; SANTA BARBARA POLICE DEPARTMENT

Defendants-Appellees.

———————————————————————

On Appeal from the United States District Court
for the Central District of California,
Hon. Terry J. Hatter, Jr., United States District Judge
U.S.D.C. No. 2:23-cv-06828-TJH

———————————————————————

**APPELLEES' ANSWERING BRIEF**
———————————————————————

SARAH J. KNECHT, City Attorney
Tom R. Shapiro, Assistant City Attorney (SBN 127383)
Delaney R. Satz, Deputy City Attorney (SBN 335899)
Post Office Box 1990
Santa Barbara, California 93102-1990
Telephone: (805) 564-5326

**Attorneys for Defendants-Appellees,**
City of Santa Barbara and Santa Barbara Police Department

## TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES........................................................................3

JURISDICTIONAL STATEMENT.............................................................6

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW..........................7

STATEMENT OF THE CASE .....................................................................7

    Factual Background .......................................................................7

    Procedural History .........................................................................9

SUMMARY OF ARGUMENT .................................................................10

STANDARD OF REVIEW.......................................................................11

ARGUMENT .......................................................................................11

    I.    THE COURT LACKS JURISDICTION TO HEAR THIS APPEAL .................11

    II.    APPELLANTS DID NOT INDICATE HOW THEY WOULD OR COULD AMEND THEIR COMPLAINT, IF GRANTED LEAVE ................................17

    III.    IF THE COURT WERE TO ADDRESS THE SUBSTANTIVE MERITS OF THE APPEAL, IT WOULD NONETHELESS FAIL .................................19

        A.    First Amendment........................................................20

        B.    *Monell*...............................................................20

CONCLUSION .....................................................................................23

STATEMENT OF RELATED CASES ..........................................................24

CERTIFICATE OF COMPLIANCE ...........................................................25

2

# TABLE OF AUTHORITIES

*Page*

## Cases

*American States Ins. Co. v. Dastar Corp.*
  318 F.3d 881 (9th Cir. 2003) ................................................................16

*B&L Productions, Inc. v. Newsom*
  661 F.Supp.3d 999 (S.D. Cal. 2023) ..................................................20

*Blankenship v. Cox*
  No. 3:05-CV-00357-RAM, 2007 WL 844891, 2007 U.S. Dist. LEXIS 19425
  (D. Nev. Mar. 19, 2007) ......................................................................22

*Broadnax v. Superior Court*
  18 Fed.Appx. 515 (9th Cir. 2001) ......................................................16

*Camenzind v. California Exposition and State Fair*
  84 F.4th 1102 (9th Cir. 2023) .............................................................20

*City of Canton v. Harris*
  489 U.S. 378 (1989) ............................................................................21

*Connick v. Thompson*
  563 U.S. 51 (2011) ..............................................................................21

*Davis v. City of Ellensburg*
  869 F.2d 1230 (9th Cir. 1989) ............................................................21

*DeSoto v. Yellow Freight Sys., Inc.*
  957 F.2d 655 (9th Cir. 1992) ..............................................................19

*De Tie v. Orange Cty.*
  152 F.3d 1109 (9th Cir. 1998) ...............................................11, 13, 14

*Galaza v. Wolf*
  954 F.3d 1267 (9th Cir. 2020) ..........................................12, 15, 16, 17

# TABLE OF AUTHORITIES, *continued*

*Page*

*Galen v. Cnty. of Los Angeles*
  477 F.3d 652 (9th Cir. 2007)...........................................................................21

*Independent Towers of Washington v. Washington*
  350 F.3d 925 (9th Cir. 2003)...........................................................................22

*Keams v. Tempe Technical Institute, Inc.*
  39 F.3d 222 (9th Cir. 1994)............................................................................11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
  519 F.3d 1025 (9th Cir. 2008).......................................................................19

*Monell v. Dep't of Soc. Servs. of City of New York*
  436 U.S. 658 (1978) ................................................................ 10, 17, 19, 20-22

*Palm v. Los Angeles Dep't of Water & Power*
  889 F.3d 1081 (9th Cir. 2018).......................................................................11

*San Francisco Patrol Special Police Officers v. City and Cnty of San Francisco*
  13 Fed. Appx. 670 (9th Cir. 2001)................................................................18

*Segura v. City of La Mesa*
  647 F. Supp. 3d 926 (S.D. Cal. 2022)..........................................................22

*Stone v. Travelers Corp.*
  58 F.3d 434 (9th Cir. 1995)............................................................................11

*United States v. Dunkel*
  927 F.2d 955 (7th Cir. 1991).........................................................................22

*Way v. Cnty. of Ventura*
  348 F.3d 808 (9th Cir. 2003).........................................................................12

*WMX Techs., Inc. v. Miller*
  104 F.3d 1133 (9th Cir. 1997)..............................................11, 13, 14, 15, 17

4

# TABLE OF AUTHORITIES, *continued*

*Page*

## Statutes

28 U.S.C. § 1291 ...........................................................................12

42 U.S.C. § 1983 ........................................................10, 13, 14, 20, 21

## Rules

FED. R. CIV. P. 4(m)......................................................................14

FED. R. CIV. P. 12(b)(6)...............................................6, 7, 9, 11, 14, 19

FED. R. CIV. P. 58(d)....................................................................12

Central District L.R. 15-1 ..............................................................18

## JURISDICTIONAL STATEMENT

Appellants allege that jurisdiction for this appeal arises from the district court's final order of a dismissal "without prejudice" on the City of Santa Barbara and Santa Barbara Police Department's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). They cite to a district court docket entry that "specifies Case Terminated," as a final judgement that forms the basis for jurisdiction in this court. (Appellants' Opening Brief ["AOB"], Dkt. 8.1, pp. 6, 20.)

Not mentioned by appellants is that prior to filing their Notice of Appeal on August 30, 2024, appellants never made any request for leave to amend in the proceeding below, never made a showing of or indicated what new facts or legal theories they would allege in a second amended complaint, and never sought clarification from the district court on its order on the motion to dismiss. Ultimately, appellants never obtained a final appealable judgment prior to filing their notice of appeal. As appellants were careless in their procedural conduct in attempting to perfect this appeal, this court does not have proper jurisdiction over this matter and this appeal should be dismissed.

Conversely, should the court find that it does have jurisdiction, the district court's order of dismissal should be affirmed as it properly dismissed the

appellant's complaint, and there are no facts that could be pled that should change the ultimate dismissal of this suit.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     Does this court have jurisdiction to rule on this appeal?

2.     Did the district court err in granting the City's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)?

3.     In dismissing the case without prejudice, did the district court abuse its discretion by improperly denying appellants leave to amend?

## STATEMENT OF THE CASE

### Factual Background

The following facts are taken from the First Amended Complaint ("FAC") and were accepted as true for purposes of the City's Motion to Dismiss:  In August 2021, the City of Santa Barbara, the Santa Barbara Police Department (collectively the "City"), and The Coalition Against Gun Violence ("CAGV") conducted a gun buyback event at the Earl Warren Showgrounds in Santa Barbara, California.  (ER-40–41, 69.)  People participated in the event by placing their guns in the trunks of their vehicles, forming a line with their vehicles, and, when arriving at the exchange area, the drivers would open the trunks of their

7

vehicles.  (ER-41, 70.)  Then an individual, believed to be a police officer, would

remove the guns from the trunks and take them to an inspection area.  (ER-41,

70.)  After inspection, the police officer would return to the vehicle and give the

driver a $100 gift card for each gun or piece of gun surrendered.  (ER-41, 70.)

Plaintiffs Bruce Boyer, David Wayne Griggs, Kimberly Colleen Griggs,

and Jonathan Boyer are members of an organization known as the "Sons of

Liberty LA (SOLLA)".  (ER-41, 69.)  On August 21, 2021, Plaintiffs attended the

buyback event.  (ER-41, 70.)  Bruce Boyer had several toy guns within a box in

the trunk of his automobile.  (ER-41, 71.)  The police officer, after inspecting the

toy guns, returned to Boyer's vehicle and told him that he would not be given gift

cards for the toy guns.  (ER-41, 71.)  The other Plaintiffs, David Griggs,

Kimberly Griggs, and Jonathan Boyer were also in the gun exchange line and

insisted that they were entitled to the gift cards in exchange for toy guns.  (ER-

41, 72.)  Boyers/Griggs were informed that if they did not leave the event, they

would be arrested.  (ER-41, 72.)  They left the event, without their toy guns.

(ER-41, 73.)

8

## **Procedural History**

On August 18, 2023, Plaintiffs filed their original Complaint in the Central District of California, case number 2:23-cv-06828-TJH-MAA.  (ER-106.)  On January 22, 2024, the City of Santa Barbara filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ER-76.)  On February 16, 2024, Plaintiffs filed a First Amended Complaint ("FAC").  (ER-65.)  On March 1, 2024, the City of Santa Barbara filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ER-37.)  On March 15, 2024, Plaintiffs filed an opposition.  (ER-16.)  On March 25, 2024, the City of Santa Barbara filed a reply.  (ER-11.)  On August 1, 2024, the District Court dismissed the FAC without prejudice.  (ER-4, 10.)  No final judgment was ever issued by the district court. (ER-122.)

In its order[1], the district court found that the FAC was silent as to whether any of the toy guns were owned by appellants Jonathan Boyer, David Griggs, and/or Kimberly Griggs, and therefore, the FAC "failed to set forth sufficient facts to establish that they suffered an injury in fact that was particularized or actual."  The court's order held that the appellants' Fourth Amendment claims were dismissed without prejudice for lack of standing.  (ER-8.)

---

[1]  Unless otherwise indicated, all references hereinafter to "the order" or "the court's order" are to the district court's August 1, 2024 order on the City's motion to dismiss.  See ER-4–10.

9

As to the appellants' 42 U.S.C § 1983 *Monell* claims against the City, the district court found that the FAC did not identify any specific City policy, practice, or custom that led to the alleged violations of Plaintiffs' constitutional rights. These claims were also "dismissed without prejudice." (ER-9–10.)

Appellants filed their Notice of Appeal on August 30, 2024, (ER-116.) Appellants never attempted to file a second amended complaint or file a motion with the district court to clarify its earlier order. (ER-122.)

## SUMMARY OF ARGUMENT

After the issuance of the district court's order, appellants immediately filed a notice of appeal. In doing so, appellants failed to take the cautious and procedurally correct route of either attempting to file a second amended complaint, or if as they say, they really were confused by the district court's order, seek clarification from the district court. Appellants' course of conduct in not perfecting their appeal renders this court without jurisdiction to hear it.

In a September 10, 2024 Order, this Court acknowledged this procedural deficiency and stated, "In addition to all other issues the parties wish to raise in their briefs, the parties must therefore address the basis for this court's jurisdiction over this appeal." (9/10/2024 Order [9th Cir. Dkt. 4.1], p. 1.) The court directed the parties to address the basis for jurisdiction and cited two cases,

10

*WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997), and *De Tie v.*
*Orange Cty.,* 152 F.3d 1109, 1111 (9th Cir. 1998).

Even if the Court were to find that it has jurisdiction, and thereafter consider the substance of the appellants' brief, this appeal will fail for the same reasons set forth by the district court in its order granting the motion to dismiss, as there has been no showing of what facts or legal theories could be asserted against the City. Therefore, there are no potential facts or legal theories that could or would change the result of the dismissal.

## STANDARD OF REVIEW

When reviewing an order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the appropriate standard of review on appeal is de novo. *Stone v. Travelers Corp.*, 58 F.3d 434, 436-37 (9th Cir. 1995) (citing *Keams v. Tempe Technical Institute, Inc.*, 39 F.3d 222, 224 (9th Cir. 1994)). The standard of review for denial for leave to amend is abuse of discretion. *Palm v. Los Angeles Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018).

## ARGUMENT

## I.    THE COURT LACKS JURISDICTION TO HEAR THIS APPEAL

The sole issue appellants present to this Court on appeal is, "In granting the appellees' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), did the district court abuse its discretion by not granting the appellants' request for leave

11

to amend their case against the defendant City of Santa Barbara?" (AOB, Dkt. 8.1, p. 9.)

The issue presented by appellants assumes that they took some action in requesting leave to amend and could show facts of a putative amendment. Prior to filing their notice of appeal, appellants did not seek leave from the district court to file an amended complaint, ask for a stipulation from the defendant, file a notice of intent to not file an amended complaint, or if they were truly confused by the district court's order, seek clarification from the district court, or request that the court enter judgment pursuant to Federal Rule of Civil Procedure 58(d).

An order from the district court is final, under 28 U.S.C. §1291 "if it (1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Way v. Cnty. of Ventura*, 348 F.3d 808, 810 (9th Cir. 2003). The final judgment rule embodied in 28 U.S.C. § 1291, confers jurisdiction on courts of appeals from all final decisions of the district courts of the United States. *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020).

Appellants claim that they "sought an opportunity to amend their complaint, and the district court declined that request sub silentio." (AOB, Dkt. 8.1, p. 24.) Appellants baldly assert that "the district court intended to fully and finally end this case with no further proceedings, but not by means of a decision

12

on the merits." (AOB, Dkt. 8.1, p. 21.) As the appellate record and the district court's order shows, this is an inaccurate statement of the record of this case.

Although the district court's order did not specifically indicate whether it was dismissing the case with leave to amend, the substance of the district court's order made clear that appellants could have filed a second amended complaint. Therefore, appellants should have either first attempted to amend their complaint or sought clarification from the court prior to filing an immediate appeal to this court.

In recognizing that there was an issue as to its jurisdiction to hear this appeal, this court requested that the parties in their briefing address the holdings of *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997), and *De Tie v. Orange Cnty.,* 152 F.3d 1109 (9th Cir. 1998)[2]. A reading of both cases and more recent precedent, suggest that when a court orders a dismissal without prejudice, and is silent as to allowing leave to amend, a reviewing court must determine from the whole record whether further amendment was anticipated and whether the district court made it plain that there could be no further amendment.

*De Tie v. Orange County* concerned a 42 U.S.C. § 1983 lawsuit brought by a prisoner against Orange County, during the time that Orange County was in

---

[2] Ignoring this Court's directive, appellants make no mention of either case in their brief.

13

bankruptcy proceedings. The district court dismissed the plaintiff's suit without prejudice under Federal Rule of Civil Procedure 4(m), for failure to serve the complaint within 120 days of filing. The County contended that the appellate court lacked jurisdiction because the district court's action dismissing the action was not final. In rejecting this argument, the court held that "the dismissal of an action even when it is without prejudice, is a final order." *De Tie v. Orange Cnty.*, 152 F.3d 1109, 1111.

*WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, is persuasive in analyzing the situation presented by the case at bar. In *Miller*, the plaintiff brought a 42 U.S.C. §1983 case against the San Diego District Attorney. The defendant then brought a 12(b)(6) motion to dismiss that was granted without prejudice and with leave to amend. The court of appeal determined that it had no jurisdiction and dismissed the appeal. It held:

> We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained. To the extent that any of our cases may suggest a different rule, we now overrule them.

*WMX Techs., Inc. v. Miller*, 104 F.3d at 1136.

14

*Miller* stands for the proposition that when a plaintiff chooses not to amend its complaint it is irrelevant that some amendment to cure deficiencies in the complaint is possible. "Unless a plaintiff files in writing a notice of intent not to file an amended complaint, such dismissal order is not an appealable final decision. In a typical case, filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable." *Id*. at 1135–36.

Importantly, the court in *Miller* contemplated a situation like the one presented here.

> We are sometimes faced with construction difficulties when a complaint is simply dismissed without prejudice. Absent further explicit illumination from the district court, we may have to determine from the whole record whether it was contemplated that the dismissal was for lack of jurisdiction, whether further amendment was anticipated, whether the district court made it plain that there could be no further amendment, or whether it was contemplated that the whole action was dismissed on the merits.

*WMX Techs., Inc. v. Miller*, at 1136.

In *Galaza v. Wolf*, 954 F.3d 1267, 1272 (9th Cir. 2020), this court held that there was no appellate jurisdiction when a plaintiff voluntarily dismissed other

15

claims that were not covered by the district court's dismissal of her Rehabilitation Act claim. In determining whether there was jurisdiction to hear the plaintiff's appeal, this court offered specific guidance to a party that suffered the dismissal of part of its case without prejudice.

Prior to having appellate court jurisdiction, there is a need for district court involvement in this sort of dismissal so that the district court can offer a "clear indication of finality" which would avoid confusing the parties. *Galaza*, 954 F.3d at 1272. "'[B]y circumventing the district court's involvement, even for practical considerations, parties do not make judgments final. They merely eliminate the district court's gate-keeping role and unnecessarily increase [the appellate court's] own tasks.'" *Galaza*, at 1272 (quoting *American States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 889–90 (9th Cir. 2003)). *See also*, *Broadnax v. Superior Court*, 18 Fed.Appx. 515 (9th Cir. 2001) ("A dismissal without prejudice is not a final order from which a party may appeal…We lack jurisdiction to hear this appeal.").

In a footnote, the court in *Galaza* offered this guidance, "we have also found that in limited circumstances it is proper for us to treat a dismissal without prejudice as a dismissal with prejudice, if it is consistent with the clear intent of the district court and the parties. [Citations.] There is no such clear intent in this case." *Galaza v. Wolf*, 954 F.3d at 1270, n.2.

16

Under *Miller* and *Galaza*, the seemingly simple rule of law announced by the court in *De Tie* does not address the procedural situation present here where the district court's intentions in its dismissal without prejudice must be inferred by "the whole record."

Based on the whole record and the intent that can be inferred from the district court's order dismissing the case without prejudice, the order issued in this case was not a final appealable order.  The district court found sua sponte that "there is a question as to whether Jonathan Boyer, David Griggs, and Kimberly Griggs have standing to assert their Fourth Amendment claims."  (ER-8.)  It also found a lack of specificity regarding a City policy, practice or custom to state a *Monell* claim.  (ER-9–10.)  These findings clearly and explicitly suggest that the district court anticipated a well pleaded amendment, and that its order was not a final and appealable one.

As such, the Court should dismiss this appeal due to the Court's lack of jurisdiction.

## II.    APPELLANTS DID NOT INDICATE HOW THEY WOULD OR COULD AMEND THEIR COMPLAINT, IF GRANTED LEAVE

Appellants claim the court's docket indicated that the case was "terminated and concluded all proceedings in the case."  (AOB, Dkt. 8.1, p. 6.)  What

17

appellants fail to mention is that they never attempted to file an amended complaint, never contacted counsel for the City to seek a stipulation to file an amended complaint, and never sought leave or clarification from the court as to whether they could in fact file an amended complaint.

To this day, appellants have never indicated or disclosed what facts or allegations they could have made in such an amendment. Central District Local Rule 15-1 requires that a proposed amended pleading must be filed as an attachment to a related motion or to a stipulation. The substance of an amended complaint is unknown. Appellants simply state, "Based upon these facts, and *upon additional facts that could be supplied* if the district court permitted a further amendment of the complaint…" (AOB, Dkt. 8.1, p. 15.)

Appellants did not provide the district court or this Court with a proposed amended complaint or a detailed explanation of the proposed amendments they would make, if granted leave, that would cure the deficiencies in the prior pleading. This was procedurally improper.

It is well settled that a party seeking leave to amend a complaint must produce a proposed pleading. *San Francisco Patrol Special Police Officers v. City and County of San Francisco*, 13 Fed. Appx. 670, 675 (9th Cir. 2001) (court held that district court did not abuse its discretion when denying leave to amend in part due to appellant's failure to supply a proposed amended pleading).

Appellants were required to provide the Court with a proposed pleading that would add additional facts they would allege if granted leave to amend their FAC.

### III.    IF THE COURT WERE TO ADDRESS THE SUBSTANTIVE MERITS OF THE APPEAL, IT WOULD NONETHELESS FAIL

Assuming arguendo that this court were to find that it does have jurisdiction to hear this appeal and that the district court's order denied appellants leave to amend, the denial of leave to amend is reviewed for an abuse of discretion.  "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008).  Where a complaint does not survive 12(b)(6) analysis, the court will grant leave to amend unless it determines that no modified contentions "'consistent with the challenged pleading ... [will] cure the deficiency.' " *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992) (citation omitted).

In its Order, the district court made two findings, the FAC failed to set forth sufficient facts to establish that appellants suffered an injury in fact that was particularized or actual, and that the *Monell* claim against the City did not identify any specific City policy, practice, or custom that led to the alleged

19

violations of appellants' constitutional rights.  (ER-9–10.)  Neither of these claims can be saved by amendment.

### A.     First Amendment.

There has been nothing alleged by appellants in the FAC or argued in their brief that the Earl Warren Showgrounds in Santa Barbara, has ever had as its "principle purpose the free exchange of ideas," or that the Showgrounds was open as a forum for public discourse.  *Camenzind v. California Exposition and State Fair*, 84 F.4th 1102, 1109 (9th Cir. 2023), held that the enclosed portion of the fairgrounds in question were not considered a traditional public forum for First Amendment purposes, due to factors such as limited free public access, boundaries clearly marked by fencing, and limited hours of operation.

Furthermore, the sale and/or exchange of firearms, as well as the refusal to engage in the sale and/or exchange of firearms, is not considered speech under the First Amendment.  *B&L Productions, Inc. v. Newsom*, 661 F.Supp.3d 999, 1005 (S.D. Cal. 2023).  Thus, even if appellants were to amend, no facts could have been alleged to raise a First Amendment claim.

### B.     *Monell*.

Even assuming that a viable First Amendment claim could be made by an amendment to the FAC, the City "cannot be held liable under §1983 on a

20

respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Municipal liability attaches "only where the municipality itself causes the constitutional violation at issue" through execution of its policy or custom. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To prevail on this claim, appellants must "establish that the [City] had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered." *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007).

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983[,]" but only where such failure amounts to "deliberate indifference" to the rights of the people with whom the employees come into contact. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Appellants must do more than allege in a conclusory fashion that the City maintains an unwritten policy or custom of permitting the types of wrongs they allegedly experienced. Furthermore, appellants "cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989).

21

The sole conclusory and speculative allegation as to *Monell* liability against the City in the FAC is: "The concerted manner in which Defendants dealt with Plaintiffs and their toy 'guns' was indicative of clear policies and guidelines having been established to deal with such situations." (ER-73.) This barebones allegation cannot form the basis of an amendment that could withstand judicial scrutiny.

Any putative amendment offered by appellants must have been clearly set forth in the briefing and not subject to the court or the City's speculation. *See Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *Blankenship v. Cox*, No. 3:05-CV-00357-RAM, 2007 WL 844891, at *12, 2007 U.S. Dist. LEXIS 19425, at *40 (D. Nev. Mar. 19, 2007) ("It is not the court's duty to do [Plaintiff's] legal research."); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 938 (S.D. Cal. 2022).

As it would be pure speculation as to what facts could be alleged that would save this suit from dismissal, the district court did not abuse its discretion in dismissing this case.

## CONCLUSION

Based on the foregoing, the City respectfully requests that this Court affirm the judgment rendered by the district court.


DATED:  January 7, 2025.        SARAH J. KNECHT, City Attorney
CITY OF SANTA BARBARA

By: _____/s/ Tom R. Shapiro_____
        Tom R. Shapiro
Attorneys for Defendants-Appellees,
City of Santa Barbara and Santa Barbara
Police Department

## STATEMENT OF RELATED CASES
### [Ninth Circuit Rule 28-2.6]

Counsel for Defendants and Appellees City of Santa Barbara and Santa

Barbara Police Department hereby certifies that to the best of his knowledge there

are no related cases pending before this court.


DATED:  January 7, 2025.           SARAH J. KNECHT, City Attorney
                                   CITY OF SANTA BARBARA

                                   By:  _____/s/ Tom R. Shapiro_____
                                          Tom R. Shapiro
                                   Attorneys for City Defendants-Appellees

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**

I am the attorney or self-represented party.

**This brief contains _____ words,** including _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☐ complies with the word limit of Cir. R. 32-1.

☐ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

☐ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    ☐ it is a joint brief submitted by separately represented parties.
    ☐ a party or parties are filing a single brief in response to multiple briefs.
    ☐ a party or parties are filing a single brief in response to a longer joint brief.

☐ complies with the length limit designated by court order dated         .

☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**                                        **Date**
*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                            *Rev. 12/01/22*