George M. Wallace -- Cal. Bar No. 101472
GEORGE M. WALLACE, ATTORNEY AT LAW
215 North Marengo Avenue
Third Floor
Pasadena, California 91101-1504
gwallace@wbslaw.com
(626) 844-6777; Fax (626) 795-0353

Joel S. Farkas, Esq. (S.B. # 244032)
LAW OFFICE OF JOEL FARKAS
5404 Whitsett Avenue #46
Valley Village, California 91607
jsf@licitlaw.com
Tel: (310) 621-6654
Fax: (818) 495-2513

Attorneys for Appellants, BRUCE BOYER;
DAVID WAYNE GRIGGS; KIMBERLY
COLLEEN GRIGGS; and JONATHAN BOYER

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE BOYER, an individual; DAVID WAYNE GRIGGS, an individual; KIMBERLY COLLEEN GRIGGS, an individual; and JONATHAN BOYER, an individual, | ) Docket No. 24-5393 ) ) ) USDC Case No. ) 2:23-cv-06828-TJH ) ) |
| Plaintiffs/Appellants, | ) ) |
| vs. | ) ) |
| CITY OF SANTA BARBARA; SANTA BARBARA POLICE DEPARTMENT, | ) ) ) ) |
| Defendants/Appellees. | ) ) ) |

## APPELLANTS' REPLY BRIEF

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
THE HONORABLE TERRY J. HATTER, JR., SENIOR JUDGE
PRESIDING

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................... 2

TABLE OF AUTHORITIES ............................................. 3

APPELLANTS' REPLY BRIEF ....................................... 4

*Legal Argument*.................................................................. 4

I.    *Contrary to the City of Santa Barbara's Arguments,*
      *It is Plain That the District Court Did Not Grant Leave*
      *to Amend When It Granted the Motion to Dismiss the*
      *First Amended Complaint "Without Prejudice," and*
      *That the District Court's Order Was Final and*
      *Appealable When Issued* .......................................... 4

II.   *The City Did Not Address Any of the Considerations*
      *Warranting a Denial of Leave to Amend in the*
      *Proceedings Below, or in Its Briefing on Appeal; Under*
      *the Circumstances, Appellant's Were Presumed to be*
      *Entitled to at Least One Further Opportunity to*
      *Amend, Which Was Denied Them Sub Silentio by*
      *the District Court* ...................................................... 7

CERTIFICATE OF COMPLIANCE ............................. 12

# TABLE OF AUTHORITIES

**Cases**

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048

    (9th Cir. 2003)........................................................................... 9

*Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222

    (1962) ............................................................................. 10

**Rules**

Fed.R.Civ.P. 15................................................................... 4, 6

## APPELLANTS' REPLY BRIEF

Appellants BRUCE BOYER, DAVID WAYNE GRIGGS, KIMBERLY COLLEEN GRIGGS, and JONATHAN BOYER, submit their reply brief on appeal:

### *Legal Argument*

**I.     *Contrary to the City of Santa Barbara's Arguments, It is Plain That the District Court Did Not Grant Leave to Amend When It Granted the Motion to Dismiss the First Amended Complaint "Without Prejudice," and That the District Court's Order Was Final and Appealable When Issued***

On the totality of the record, two circumstances are clear in this case: (1) the District Court ordered the case dismissed, and (2) the District Court did not, expressly or by implication, "give leave" pursuant to Fed.R.Civ.P. 15(b) for the appellants to file a Second Amended Complaint. The order of the District Court is, and was must

have been intended to be, a final and appealable disposition of the entire case.

If the District Court had intended to permit a further amendment of the appellant's pleading, the court would have said as much, and would have established time limits within which the new pleading should be submitted and within which any response should be filed. Nothing resembling that appears in the District Court's order.

The City argues that "the substance of the district court's order made clear that appellants could have filed a second amended complaint. Therefore, appellants should have either first attempted to amend their complaint or sought clarification from the court prior to filing an immediate appeal to this court." City's Answering Brief, at p. 13. The City does not deign to point to the particular language of the district court order that "makes [it] clear," and immediately undercuts its own position by suggesting that the onus lay upon the appellants to seek "clarification" of what was already, per the City, "made clear." The suggestion that appellants should make an unauthorized attempt to amend in the face of the District Court's order is entirely disingenuous: in the absence of direct permission of the District Court to file an amended pleading, can there be any doubt that the City would

immediately move to strike any Second Amended Complaint, possibly with a suggestion that Rule 11 sanctions would be appropriate for the appellants' patent disregard of the terms of the dismissal order, i.e., of the notable absence of any language granting leave to amend? Is the City suggesting that it would have voluntarily given "written consent" to a further amendment under Fed.R.Civ.P. 15(b), to remove any doubt? The City is arguing now that any amendment would be improper, so it seems unlikely it would have stipulated to such an amendment prior to appeal.

If plaintiffs attempted to file a Second Amended Complaint on this record, it would necessarily have been rejected. If plaintiffs had filed a motion for leave to amend, it would not have been ruled upon until after the time to appeal had expired. The only route at all likely to lead to a decision on the merits concerning the District Court's error in denying leave to amend was this appeal, so that is the route that appellants have taken.

**II.    The City Did Not Address Any of the Considerations Warranting a Denial of Leave to Amend in the Proceedings Below, or in Its Briefing on Appeal; Under the Circumstances, Appellant's Were Presumed to be Entitled to at Least One Further Opportunity to Amend, Which Was Denied Them Sub Silentio by the District Court**

In its memorandum supporting the Motion to Dismiss the First Amended Complaint (ER-37, et seq.), the City's only argument for denial of leave to amend was that the appellants had already amended once – while the City's motion to dismiss the original Complaint had been pending – and that appellants therefore should be denied any further opportunity. ER-40, ER-42. In opposition to the Motion to Dismiss the First Amended Complaint, the appellants urged that the City's position was incorrect, and that they had sufficiently alleged claims for violation of their rights under 42 U.S.C. §1983 in the First Amended Complaint. Appellants further stated, however, that if the District Court did not agree that they had sufficiently carried their pleading burden, then the appellants "request[ed] leave to amend in

-7-

order that they may endeavor to do so." ER-18. Appellants reiterated their request in the conclusion to the opposition memorandum: "Plaintiffs respectfully request that the Court grant leave to amend so that Plaintiffs may allege additional details related to the relevant events." ER-24.

The City mentioned the issue of leave to amend twice in its Reply Memorandum supporting the Motion to Dismiss the First Amended Complaint, but did not add any additional grounds for denial of leave. The City reiterated its position that "Plaintiffs have now had two opportunities to allege any and all facts necessary to state a claim. They have failed to do so, and no further leave to amend should be granted." ER-12. Then, in the concluding sentence of its supporting argument, the City "respectfully request[ed] that the Court dismiss the FAC in its entirety without leave to amend." ER-15.

The District Court did not acknowledge or analyze either side's positions. In particular, the court never requested that the appellants be more specific about how they might successfully amend to address the court's grounds, if any, for granting the motion to dismiss. Without knowing what grounds the District Court might find persuasive in the City's motion, the appellants could not address the substantive scope of

-8-

an amendment without conceding that amendment was needed, contrary to their stated position that the pleading was already sufficient.

As emphasized in the opening brief, all presumptions are against denying additional opportunities to amend in the absence of an articulable reason to believe undue prejudice will result to the defendant, or that a further amendment will be pointless. "A simple denial of leave to amend without any explanation by the district court is subject to reversal. Such a judgment is 'not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.' *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1292–93 (9th Cir.1983)(noting 'where the record does not clearly dictate the district court's denial, we have been unwilling to affirm absent written findings'); *Rolf v. City of San Antonio,* 77 F.3d 823, 828–29 (5th Cir.1996); *United Steelworkers of Am., AFL–CIO v. Mesker Bros. Indus., Inc.,* 457 F.2d 91, 94 (8th Cir.1972)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Here, the district court did not provide even a "simple denial." The court did not acknowledge that the parties had even argued the issue in their papers, and either denied leave *sub silentio* or else did not think about it at all.

-9-

In any case, there was no apparent exercise of discretion at all, sound or otherwise.

The Supreme Court long since articulated the settled analytical framework, with an emphasis on the balance between liberality in amendment and the prevention of undue prejudice to the opposing party, in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "In the absence of any apparent or declared reason—such as **undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.**—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182, 83 S.Ct. 227.

The City has never yet argued that a single additional opportunity to amend would result in unjust prejudice to it. Plaintiffs in this case have amended their complaint only once, unilaterally and *without* input from the district court. After the court weighed in with its assessment of the factual deficiencies, all of which were potentially curable, it should have exercised lenity and liberality in allowing at least one further, informed opportunity to address those issues by amendment.

-10-

For the foregoing reasons, plaintiffs and appellants request that the district court's order of dismissal, as to defendant and appellee City of Santa Barbara, should be reversed, and that the plaintiffs' claims against that defendant should be remanded to the district court, with instructions to permit plaintiffs an opportunity to further amend their complaint against the City of Santa Barbara.

DATED:
January 27, 2025

Respectfully submitted,

GEORGE M. WALLACE,
ATTORNEY AT LAW

*/s/ George M. Wallace*
By: GEORGE M. WALLACE
Attorneys for Appellants

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  24-5393

I am the attorney or self-represented party.

**This brief contains** 2 **words,** including [        ] words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

🔘 complies with the word limit of Cir. R. 32-1.

⚪ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

⚪ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

⚪ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

⚪ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

⚪ complies with the length limit designated by court order dated [        ].

⚪ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**  s/ George M. Wallace    **Date** January 28, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                                 *Rev. 12/01/22*